UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KIRK DAVID MARSH; KIRK
RUSSELL MARSH; AND MARSH
INVESTMENT GROUP, LLP                                    PLAINTIFFS


VS.                              CIVIL ACTION NO. 4:07CV60TSL-LRA


ALDEN H. WALLACE, III,
PRISCILLA P. WALLACE, NELL
WALLACE, WALLACE RENTALS, LLC,
HAROLD WRIGHT, RICHARD ODOM,
JOHN HOWELL AND HOWELL LAW FIRM                          DEFENDANTS


MEMORANDUM OPINION AND ORDER

        There are pending in this case at this time a number of

motions, which have been fully briefed by the parties.  The court

considers the motions seriatim, as follows:

        Summary Judgment Motion of Alden Wallace, III,
        Wallace Rentals, LLC and Priscilla Wallace

        These defendants have moved for summary judgment, arguing

that the undisputed facts do not support plaintiffs' claims and/or

that plaintiffs lack evidence to establish their claims.

Plaintiffs have responded in opposition to the motion and the

court, having considered the memoranda of authorities, together

with attachments, submitted by the parties, is unable to conclude

that defendants have sustained their burden to show that summary

judgment is in order.

<u>Motions Re: Nell Wallace, Priscilla Wallace and Harold Wright</u>

Defendants Nell Wallace, Priscilla Wallace and Harold Wright have moved for summary judgment on plaintiffs' claims against them, and plaintiffs have moved for summary judgment on Count XI of their complaint against these defendants and on these defendants' counterclaim against them.  The court has reviewed the evidence submitted by these parties, and considered their arguments, and is unable to conclude that either party is entitled to the relief requested.  The evidence is conflicting and the facts unclear.  Accordingly, these motions will be denied.

<u>The Howell Motions</u>

Defendant Howell was the closing attorney on the transactions at issue in this case.  In their complaint, plaintiffs allege that (a) Howell owed them a fiduciary duty, which he breached by failing to disclose the fact and specifics of his relationship with his long-time friend and client Alden Wallace (including the fact that he was owed $36,000 in legal fees from Wallace), and Howell's resulting conflict of interest, and that (b) Howell breached the applicable standard of care in a number of particulars, by failing to discover or disclose all the debts, liabilities and unpaid bills encumbering the properties; by failing to obtain true and correct payoff information for all loans that were to be paid off at closing and to determine if the loans not being paid off were current in their payments; by

2

failing to pay all taxes that were due at closing; by failing to secure estoppel certificates; and by failing to provide either a certificate of title or title opinion to plaintiffs.

In his motion for summary judgment, Howell argues that he is entitled to summary judgment based on the "total absence of any evidence establishing damages of the Marshes that are causally connected to the allegation of wrongdoings of Howell." He submits that plaintiffs cannot prevail in the absence of expert testimony on causation, and points out that plaintiffs' expert, K.F. Boackle, has declared that he expresses no opinion on the subject of "the quantity of damages or if [Howell's] negligence caused damages." Plaintiffs have themselves moved for partial summary judgment on their claim against Howell for breach of fiduciary duty and on their putative claim for negligence in failing "to properly draft deed of trust."

The parties have offered the contrary opinions of their respective experts relating to the scope of Howell's representation and on the specific issue of whether Howell owed and/or breached any fiduciary duty to plaintiffs. In light of the conflicting evidence, the court concludes that plaintiffs are not entitled to summary judgment on this claim. Neither is Howell entitled to summary judgment. While plaintiffs cannot prevail on this claim in the absence of proof that Howell's alleged breach of fiduciary duty resulted in harm to them, they have taken the

position that as a result of Howell's conflict of interest, he failed to properly counsel and caution them about the advisability of the transaction. In the court's view, especially given the court's further conclusion that Howell is not entitled to summary judgment on plaintiffs' negligence claims and that those claims will therefore be presented at trial before the court, plaintiffs should be allowed to present their position on damages claimed to have resulted from Howell's alleged breach of fiduciary duty in the trial setting. Accordingly, the court will deny Howell's motion for summary judgment on this claim.[1]

The other claim on which plaintiffs seek summary judgment is Howell's negligence in failing "to properly draft deed of trust." This claim consists of plaintiffs' charge that in preparing the deed of trust on the loan from Commercial Bank in connection with the parties' transaction, Howell erroneously listed MIG as the grantor on the bank's deed of trust, rather than Queen City Housing and Development, LLC, which actually owned the properties serving as the bank's collateral, and that this caused the bank to seek repayment from the Marshs on their personal guaranty for

---

[1]     Incorporated in Howell's motion is a motion in limine to exclude testimony from plaintiffs' expert K.F. Boackle because Boackle stated in his expert report and deposition that he had not evaluated, and had no opinion on any of plaintiffs' damages and their relationship to any of Howell's actions or inactions. As the court understands Howell's motion, he takes the position that in light of this omission, Boackle's testimony should be stricken because it is "of no value." The court rejects Howell's position.

4

MIG's loan rather than foreclosing on the property, as plaintiffs could have insisted be done had the deed of trust been properly prepared.  In his reply, Howell has pointed out that he did not draft the subject deed of trust, which was instead drafted by Commercial Bank.  He has argued, moreover, that in any event, there is no merit in plaintiffs' argument that had the proper LLC been shown as the owner on the deed of trust, they would have had the right to insist that the bank foreclose before pursuing recovery on their personal guaranty.  In their rebuttal, plaintiffs argue that even if Howell did not prepare the deed of trust, there is no question but that he listed the wrong grantor in both his initial and final certificate of title to Commercial Bank, which caused Commercial Bank's error in drafting the deed of trust; and they argue that as a result of Howell's negligence, the bank could not foreclose on the intended collateral to recover repayment from MIG and instead has pursued the Marshes personally on their guaranty, and caused them to incur legal fees and expenses as a result.

Howell has moved to strike the arguments and exhibits presented by plaintiffs in their rebuttal, declaring that plaintiffs have "improperly raised and interjected matters that were not part of their Motion for Partial Summary Judgment, not evidence in this cause and which would grant plaintiffs an improper advantage in that Howell could not respond."  While he

does not elaborate on this statement, his objection, it seems, is that plaintiffs, in recognition of the fact that they were wrong in claiming that Howell prepared the deed of trust, have now made in effect a new allegation (and seek summary judgment on the new basis) that Howell was negligent in providing title certificates showing the wrong owner, to which arguments he has had no opportunity to respond.  Howell has separately moved in limine "to restrict and deny the introduction of any evidence, the making of any claim, or allowing any argument against Howell concerning the allegations of wrongdoing in connection with the Commercial Bank loan" on the basis that the allegations of wrongdoing by Howell in the Commercial Bank transaction were not raised in plaintiffs' complaint.

In response to Howell's motion in limine, plaintiffs argue that their claim of negligence against Howell with respect to the Commercial Bank deed of trust is fairly encompassed by their negligence allegations in the complaint, in which they allege that in closing the transaction giving rise to this lawsuit, "Howell owed Plaintiffs the duty to exercise that degree of skill and care commonly exercised by members of the legal community practicing in the area of real estate transaction law," and that he breached his duty in negligently performing the closing on the properties. They further explain, however, that they first became aware of Howell's negligence regarding the Commercial Bank loan in early

6

March 2008 after receiving a demand from the bank based on their guaranty.  Plaintiffs argue, therefore, that if the court concludes this claim is not covered by their existing complaint, the court should allow them to amend their complaint to conform to the evidence pursuant to Federal Rule of Civil Procedure 15(b), which states:

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits.

The court agrees.  Howell has not claimed or shown that he would be unfairly prejudiced if plaintiffs were permitted to present evidence of his alleged negligence regarding the Commercial Bank loan.

Howell argues in his motion that an alternative basis for excluding evidence of Howell's alleged negligence is the fact that plaintiffs' expert has offered no opinion on that subject, either in his expert report or in his deposition.  For their part, plaintiffs note that in his affidavit submitted with their rebuttal on their motion for partial summary judgment, Boackle has opined that Howell's defective title certificate to Commercial Bank caused damage to plaintiffs; and they point out that Boackle will be available for direct and cross-examination regarding

7

Howell's negligence at trial.  Plaintiffs further argue that in any event, expert testimony is not required "when the attorney's conduct is negligent as a matter of law and the plaintiff is entitled to a directed verdict on liability," which they submit is the case here.  See Hickox v. Holleman, 502 So. 2d 626, 635 (Miss. 1987)(noting that there is "a pragmatic difference between the trial of other professional malpractice cases and a legal malpractice case" because the judge and trial counsel are lawyers).  Particularly given that this case is to be tried to the court, without a jury, the court is not persuaded that plaintiffs cannot succeed in the absence of expert testimony on this issue.

However, that brings the court to Howell's motion to strike plaintiffs' arguments *and exhibits* relating to this claim submitted in their rebuttal on their motion for partial summary judgment.  The court will deny the motion to strike.  Plaintiffs may have been mistaken in their allegation that Howell was negligent *in preparing the deed of trust*, but the substance of their "new" claim is essentially the same–that Howell was negligent in identifying the wrong owner of the property and hence ultimately responsible for the listing of the wrong grantor on Commercial Bank's deed of trust.[2]  Nevertheless, because

---

[2]     It does not appear that Howell argued in the motion to strike that this claim was not alleged in the complaint; that argument was first made in the motion in limine, filed nearly two months later.

plaintiffs' motion, in form, sought summary judgment on this claim on the specific basis that Howell was negligent *in drafting the deed of trust*, Howell could avoid summary judgment on the motion by establishing-as he has-that he did not prepare the deed of trust.  However, rather than strike plaintiffs' argument or their exhibits in support of this claim, the court will allow Howell the opportunity to file a sur-reply.  Any such sur-reply shall be filed within five days of the entry of this opinion.

O'Dom Motions

Defendant O'Dom has moved for summary judgment on all plaintiffs' claims against him.  Plaintiffs have responded to the motion, and have filed their own motion for summary judgment on Count X of their complaint, in which they allege that at all times during the transaction between Wallace and plaintiffs, O'Dom was acting as a real estate broker, and did so without a license, in violation of Mississippi Code Ann. §§ 73-35-1 *et seq.*  Having reviewed the record and considered the parties' arguments, the court is not persuaded that summary judgment may appropriately be entered in favor of O'Dom, or any other defendant, on plaintiffs' fraud-based, conspiracy and negligent misrepresentation claims.

In response to plaintiffs' motion for summary judgment on Count X, O'Dom argues that he acted as a financial adviser in the transaction, not a real estate broker; but he also claims that even if he was a "real estate broker" under the statute,

plaintiffs have no basis for recovery on this claim because they cannot establish that they were aggrieved by his conduct, a prerequisite to recovery under the statute, because there is no evidence that he ever did anything wrong with regard to plaintiffs, e.g., plaintiffs never paid him any money, and there is no evidence of fraud or negligent misrepresentation or conspiracy by O'Dom.  Finally, he argues that plaintiffs' claim against him under this statute is time-barred and must be dismissed.  As plaintiffs' complaint was filed within one year of the closing on the subject transaction in which O'Dom is alleged to have acted as a real estate broker, the court rejects O'Dom's argument that plaintiffs' complaint was untimely.  Further, the court concludes that there are genuine issues of material fact concerning whether O'Dom's activities were that of a broker and whether plaintiffs were aggrieved by his actions, and that consequently, neither party is entitled to summary judgment on this claim.

O'Dom has moved to preclude plaintiffs' expert, K.F. Boackle, from providing expert testimony regarding plaintiffs' allegations against O'Dom, arguing that Boackle purports to offer his "expert" testimony on questions of law and yet expert testimony is not permissible on a question of law; that Boackle's proposed testimony that O'Dom violated the statute is nothing more than a legal conclusion regarding an interpretation of the statute; his

experience as a real estate broker on which he relied in forming his opinion, has no relation to the conduct by O'Dom with regard to the subject transaction; Boackle has failed to show how O'Dom's conduct qualifies him as a real estate broker under the statute; whether O'Dom acted as a real estate broker under an industry standard is irrelevant to whether he acted as a real estate broker under a statutory standard; and Boackle has no reliable or relevant testimony to offer regarding how plaintiffs are aggrieved under the statute by O'Dom's failure to have a real estate broker's license.

In response, plaintiffs urge the court to reject O'Dom's assertions that Boackle's testimony amounts to impermissible legal conclusions, arguing that Boackle's proffered testimony will not construe Mississippi Code Annotated § 73-35-3(1), nor will his testimony offer any legal conclusions.  Rather, Boackle will testify that O'Dom's role in the transaction giving rise to this lawsuit included duties and responsibilities customarily carried out by real estate brokers.  Plaintiffs submit that Boackle may properly use his extensive knowledge and experience to explain to the court technical issues relating to the real estate industry, including the customary practices, duties and responsibilities of real estate brokers, issues about which a layperson would not be knowledgeable, leaving to the court to determine whether O'Dom violated Mississippi Code Annotated § 73-35-3(1).  See Waco Int'l,

11

<u>Inc. v. KHK Scaffolding Houston Inc.</u>, 278 F.3d 523, 533 (5th Cir. 2002) ("Lawyers may testify as to legal matters when those matters involve questions of fact.").  The court will deny O'Dom's motion to strike.

O'Dom has appealed a May 16, 2008 ruling of the magistrate judge granting plaintiffs' motion to compel production of a calendar used by O'Dom to refresh his recollection.  O'Dom objects to that part of the magistrate judge's order requiring production of the entire calendar, without limitation to entries regarding the parties and claims at issue herein, which he claims was clearly erroneous and contrary to law because entries in his calendar that concern his personal and other business affairs cannot be relevant to the claims and defenses of the parties or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs have responded, arguing that the magistrate judge never held that O'Dom must produce the entire calendar, and stating they are amenable to O'Dom's either contacting them to discuss crafting an agreement for production of a redacted copy or seeking an order of the court authorizing providing a redacted copy.  Either avenue is acceptable to the court; within five days of the entry hereof, O'Dom shall communicate with plaintiffs' counsel regarding an agreement for production of a redacted copy of his calendar, or if an agreement is not reached, he may seek an order from the court to that effect.

12

Motions re Kenneth LeFoldt, Jr.

Defendants Richard O'Dom, Alden Wallace, Priscilla Wallace, Nell Wallace, Wallace Rentals, LLC and Harold Wright have moved to strike plaintiffs' designation of accounting expert Kenneth LeFoldt, Jr. as untimely.  Defendants argue that while they agreed to two extensions of the original expert designation deadline, and while plaintiffs did designate LeFoldt within the time allowed under these extensions, defendants agreed to the extensions based on plaintiffs' representation that they intended to designate a single expert to address the subject of defendant Howell's alleged negligence.  In effect, defendants contend that the court should not countenance plaintiffs' misrepresentation of their intentions in order to secure extensions of the expert designation deadline.

In response, plaintiffs insist there was never an understanding or agreement, much less a stipulation, that plaintiffs would designate only a legal malpractice expert, and they have submitted evidence which tends to support their position.  They submit, moreover, that even if the court were to conclude that their designation was somehow deficient (i.e., untimely), the court should nevertheless allow their late designation.  The court will deny the motion to strike, both because defendants have not persuaded the court that the designation of LeFoldt was untimely and because the court would

13

allow the late designation in any event, for the reasons assigned
in plaintiffs' response to the motion.

The Wallace defendants have separately moved to limit the
testimony of LeFoldt, arguing that LeFoldt's opinion regarding
alleged misrepresentations by Wallace, is unfounded to the extent
it is based on Wallace's tax returns, inasmuch as the CPA who
prepared the tax returns has recently admitted that the income
figures reported on the tax returns were in error.  Defendants
submit that where, as here, an expert's opinion depends on facts
which are simply wrong, his testimony must be stricken.  The
court's comments in Johnson v. Big Lots Stores, Inc., are
pertinent here:

> The Court also considers the parties' motions
> recognizing that this case involves a nonjury trial. In
> Daubert, the Supreme Court's overriding concern was with
> the problem of exposing the jury to confusing and
> unreliable expert testimony.  See Daubert, 509 U.S. at
> 595-97.  In the wake of Daubert, several courts have
> recognized that in the context of a bench trial, as is
> the case here, "the Daubert gatekeeping obligation is
> less pressing" because the gatekeeper and trier of fact
> are the same.  Volk v. United States, 57 F. Supp. 2d
> 888, 896 n.5 (N.D. Cal. 1999).  See also Seaboard Lumber
> Co. v. United States, 308 F.3d 1283, 1301-02 (Fed. Cir.
> 2002) (explaining that in the context of a bench trial
> the Daubert standard must still be applied but the
> concerns about expert evidence misleading a jury "are of
> lesser import"); Gibbs v. Gibbs, 210 F.3d 491, 500 (5th
> Cir. 2000) ("Most of the safeguards provided for in
> Daubert are not as essential in a case such as this
> where a district judge sits as the trier of fact in
> place of a jury."); Magistrini v. One Hour Martinizing
> Dry Cleaning, 180 F. Supp. 2d 584, 596 n.10 (D.N.J.
> 2002)("[W]here the court itself acts as the ultimate
> trier of fact at a bench trial, the Court's role as a
> gatekeeper is arguably less essential."); Fierro v.

Gomez, 865 F.Supp. 1387, 1395 n.7 (N.D. Cal. 1994), aff'd, 77 F.3d 301 (9th Cir. 1996), vacated and remanded on other grounds, 519 U.S. 918, 117 S. Ct. 285, 136 L. Ed. 2d 204 (1996), modified on other grounds on remand, 147 F.3d 1158 (9th Cir. 1998) (concluding that, in the context of a nonjury trial, under Daubert it is better to "allow 'vigorous cross-examination, presentation of contrary evidence' and careful weighing of the burden of proof to test 'shaky but admissible evidence' "than to exclude expert evidence altogether (quoting Daubert)). And as Judge Posner has observed: "Daubert requires a binary choice-admit or exclude-and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." SmithKline Beecham Corp. v. Apotex Corp., 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003) (sitting by designation), aff'd on other grounds, 403 F.3d 1331 (Fed. Cir. 2005).

Johnson v. Big Lots Stores, Inc., Civil Action Nos. 04-3201, 05-6627, 2008 WL 1930681, 2 (E.D. La. Apr. 9, 2008).  The court will deny defendants' motion.

Conclusion

Based on the foregoing, it is ordered that the following motions are denied:

- Motion of Alden Wallace, III, Wallace Rentals, LLC and Priscilla Wallace for summary judgment [Dkt. 168];

- Motion of Nell Wallace, Priscilla Wallace and Harold Wright for summary judgment [Dkt. 174];

- Plaintiffs' motion for summary judgment on Count XI, and on counterclaim by Nell Wallace and Harold Wright [Dkt. 177];

- Howell's motion for summary judgment [Dkt. 173];

- Howell's motion to strike [Dkt. 224];

- Howell's motion in limine [Dkt. 227];
- O'Dom's motion for summary judgment [Dkt. 169];
- O'Dom's motion to exclude expert testimony of K.F. Boackle [Dkt. 167];
- Plaintiffs' motion for partial summary judgment on Count X [Dkt. 181];
- O'Dom's motion to strike designation of experts [Dkt. 109];
- O'Dom's reurged motion to strike designation of experts [Dkt. 164];
- Wallace's motion to strike designation of experts [Dkt. 111]; and
- Wallace's motion in limine to limit testimony of Kenneth LeFoldt [Dkt. 166].

It is further ordered as follows:

O'Dom's appeal of the magistrate judge's order granting plaintiff's motion to compel production of calendar [Dkt. 222], is denied, but it is ordered that within five days of this date, O'Dom shall communicate with plaintiffs' counsel regarding an agreement for production of a redacted copy of his calendar, or if an agreement is not reached, he may seek an order from the court to that effect; and

Plaintiffs' motion for partial summary judgment against Howell on their claim for breach of fiduciary duty is denied [Dkt.

16

179]; however, the court reserves ruling on that part of the motion seeking summary judgment based on Howell's negligence in identifying the property owner in title certificates, and hereby grants Howell five days from this date to respond to plaintiffs' motion on that issue.

SO ORDERED this 22nd  day of August, 2008.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE